TIMOTHY COURCHAINE
United States Attorney
District of Arizona
JULIE A. SOTTOSANTI
Assistant U.S. Attorney
State Bar No. 025496
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Julie.sottosanti@usdoj.gov
Attorneys for Plaintiff

FILED ✓
RECEIVED
LODGED
COPY

MAY 21 2026

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 24-05616-TUC-RM (JR) |
| Plaintiff, | **PLEA AGREEMENT** |
| vs. | |
| Brian Mendez Sotelo, -005 | |
| Defendant. | |

The United States of America and the defendant, BRIAN MENDEZ SOTELO, agree to the following disposition of this matter:

### PLEA

The defendant agrees to plead guilty to Count One of the Indictment charging the [Superseding] defendant with a violation of Title 18, United States Code, Sections 933(a)(3) and (b), Trafficking in Firearms, a felony. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss the remaining counts of the Indictment at the time of sentencing. The defendant also agrees not to contest the Forfeiture Allegation in the [Superseding] Indictment.

### ELEMENTS OF THE CRIME

The elements of Trafficking in Firearms are that:

(1) The defendant attempted or conspired to ship, transport, transfer, cause to be transported or otherwise dispose of any firearm to another person;

(2) The defendant knew or had reasonable cause to believe that that the use, carrying or possession of a firearm by the recipient would constitute a felony, to wit: Title 18, United States Code § 554(a), Attempted Smuggling Goods from the United States and Arizona Revised Statute §13-3102, Prohibited Possessor.

(3) The firearm affected commerce in that it was previously transported into the state of Arizona from another state or foreign country.

### STIPULATIONS, TERMS AND AGREEMENTS

The defendant understands the guilty plea is conditioned upon the following terms, stipulations, and requirements:

### Maximum Penalties

a.    A violation of 18 U.S.C. § 933 is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of fifteen years, or both, and a term of supervised release of up to three years.  A maximum term of probation is five years, including a minimum term of one year if probation is imposed.

b.    According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

(1)    make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

(2)    pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

(3)    serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

(4)    pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013.

c.    The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

Agreement Regarding Sentencing:

d.    Stipulation: Sentencing Cap. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate the applicable offense conduct guideline for (1) a violation of 18 U.S.C. § 933 is U.S.S.G. § 2K2.1. The United States and the defendant further stipulate that the defendant's sentence shall not exceed the low end of the applicable sentencing range as calculated under U.S.S.G. § 1B1.1(a). However, if the low end of the sentencing range is 12 months, the parties stipulate that the low end of the sentencing range will become 12 months and one day. This stipulated sentencing cap will not change based on departures considered under U.S.S.G. § 1B1.1(b). Nothing in this agreement shall preclude the defendant from moving for a downward departure, variance, or sentence below the cap, or the court from imposing a sentence below the cap.

e.    Non-Binding Recommendations.    The defendant understands that recommendations are not binding on the Court. The defendant further understands that the defendant will not be permitted to withdraw the guilty plea if the Court does not follow a recommendation.

f.    Assets and Financial Responsibility. The defendant shall make a full

3

accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures). The defendant also expressly authorizes the United States Attorney's Office to immediately obtain a credit report as to the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant also shall make full disclosure of all current and projected assets to the U.S. Probation Office immediately and prior to the termination of the defendant's supervised release or probation, such disclosures to be shared with the U.S. Attorney's Office, including the Financial Litigation Unit, for any purpose. Finally, the defendant shall participate in the Inmate Financial Responsibility Program to fulfill all financial obligations due and owing under this agreement and the law.

g.    Acceptance of Responsibility. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will move the Court for an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

## Immigration consequences

The defendant recognizes that pleading guilty may have consequences with respect to his/her immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are

the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that this plea may entail, even if the consequence is the defendant's automatic removal from the United States.

### Disclosure of Information to U.S. Probation:

The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office.

The defendant understands and agrees to cooperate fully with the United States Probation Office in providing:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug and alcohol abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

### Forfeiture, Civil, and Administrative Proceedings

a.      The defendant agrees to forfeit, and hereby forfeits, all interest in any assets that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property which constitutes firearms and ammunition involved in or used in violation of the offense, any property constituting, or derived from, any proceeds obtained, directly or indirectly as a result of the offense, and any property constituting or

5

traceable to the gross proceeds taken, obtained, or retained in connection with or as a result of the offense, including the following property: six (6) Century Arms 7.62x39mm caliber rifles, bearing serial numbers SV7144230, SV7159402, SV7157736, SV7157964, BFT47021421, BFT47021450; and $1,185 in United States currency[1].

b.    The defendant agrees to abandon any and all interest the defendant has in one (1) Glock switch and six (6) magazines seized during the investigation of the case, and understands and agrees that the government will dispose of the items as authorized by law, which may include destruction of the seized items. The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.

c.    The defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant further understands and agrees that forfeiture of the assets is appropriate and in accordance with the applicable forfeiture statutes, 18 U.S.C. §§ 924(d) and 934(a)(1)(A), 28 U.S.C. § 2461(c), and 50 U.S.C. § 4819(d)(1)(B). The defendant further acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time the guilty plea is accepted.

---

[1] The currency was listed in the Indictment as $4,185 in United States currency; Upon further review, the government has found $3,000 to be counterfeit.

d.    Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture. This agreement does not preclude the United States from instituting any civil or administrative forfeiture proceedings as may be appropriate now or in the future.

e.    The defendant agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, double jeopardy, or any other means) to any forfeiture imposed as a result of this guilty plea or any pending or completed administrative or civil forfeiture actions, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property involved in illegal conduct, and substitute assets for property otherwise subject to forfeiture, and that no other person or entity has a legitimate claim to these items listed.

f.    The defendant agrees not to file a claim, and to withdraw any previously filed claims, to any of the listed property in any civil, administrative, or judicial proceeding which may be initiated. The defendant further agrees not to contest civil, administrative, or judicial forfeiture of the listed property. The defendant agrees to waive any right to notice of any forfeiture proceeding involving this property and agrees not to assist others in filing a claim in any forfeiture proceeding involving this property.

g.    The government reserves its right to proceed against any remaining assets not identified either in this agreement or in any civil actions which are being resolved along with this plea of guilty, including any property in which the defendant has any interest or control, if said assets, real or personal, tangible or intangible are subject to forfeiture.

h.    The defendant hereby waives and agrees to hold the government and its agents and employees harmless from any and all claims whatsoever in connection with the

7

seizure, forfeiture, and disposal of the property described above. Without limitation, the defendant understands and agrees that by virtue of this plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that the defendant is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

i.      Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture.

Reinstitution of Prosecution:

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings.

Waiver of Defenses and Appeal Rights:

Provided the defendant receives a sentence in accordance with this plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations, including the district court's determination of the criminal history category. The sentence

8

is in accordance with this agreement if the sentence imposed does not exceed the low end of the sentencing guidelines range U.S.S.G. § 2K2.1 in this case. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion). The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case. If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

## Plea Addendum

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in separate documents and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

9

## WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

### Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part, rather than at the direction of or because of the recommendation of any other person, and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve an additional term of imprisonment or my sentence may otherwise be altered. I agree that any Guidelines Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

10

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

## Factual Basis

I agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty; and, that if this matter were to proceed to trial, the government could prove the elements of the offense beyond a reasonable doubt based on the following facts:

On August 4, 2024, co-defendants, Francisco Dury Bell and Ismael Higuera-Avalos were observed by law enforcement making multiple firearm purchases at a gun show in Tucson, Arizona, within the District of Arizona. Both men were seen making purchases of 3-4 rifles at a time and then unloading the rifles in a Jeep where co-defendants Ezekqio Chavez and Carlos Martinez were waiting. Bell and Higuera-Avalos made multiple drops of weapons in the Jeep before leaving the gun show.

The Jeep was stopped for a traffic violation. Bell, Chavez, Martinez and Higuera-Avalos were located in the Jeep. Also located were 17 Century Arms rifles in boxes, 3 handguns, and $12,192 in US Currency.

A download of Bell's phone revealed communications indicating Bell coordinating the purchase of firearms for other individuals. Additional texts from Bell were found asking an individual if they had a "clean" background and saying "we pay people for [gun emoji]." A download of Higuera-Avalos' phone revealed multiple conversations regarding purchasing firearms and describing making money moving firearms when other individuals go to

11

Mexico. Additional messages included Higuera-Avalos asking individuals to get firearms and stating that the firearms go out of the country and cannot be traced. A download of Martinez's phone revealed communications with "Sunny" about the gun show that day. Further investigation identified "Sunny" as **Brian Mendez Sotelo**.

A search warrant was executed on an apartment in Phoenix, Arizona, that was being used as a stash house for trafficking firearms. Agents located 58 serial numbers for AK-47 rifles and 18 additional AK-47 rifle boxes that had the serial numbers ripped off. Multiple serial numbers were traced to purchasers. Two of the purchasers spoke to agents and stated **Sotelo** recruited them to straw purchase the firearms, and one of those purchasers also stated he helped **Sotelo** load the firearms into the stash apartment. Both purchasers stated **Sotelo** offered payment in exchange for their purchase of the firearms.

A search warrant was executed on **Sotelo's** residence. Agents located approximately 6 AK-47 rifles, 6 AK-47 magazines, one Glock Switch, and $1,185 in United States currency.

**Brian Mendez Sotelo** agreed with others, including Carlos Martinez, Anthony Tomas Avalos, and Marcus Morin, to purchase and transfer the firearms, and did transfer the firearms, knowing or having reasonable cause to believe that the recipient would smuggle the firearms out of the United States in violation of 18 U.S.C. §554, a felony offense. The defendant was aware that smuggling firearms out of the United States is illegal. The defendant was also aware he was prohibited under Arizona law from possessing firearms during the incident dates due to his prior Arizona felony conviction, and that his receipt of a firearm would constitute a felony under Arizona law.

The firearms and/or ammunition were manufactured outside the state of Arizona, and thus affected interstate or foreign commerce.

05-21-26
Date

*Brian mendez Sotelo*
BRIAN MENDEZ SOTELO
Defendant

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the

12

constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible and Defendant's waiver of her right to appeal. I have further discussed the sentencing guideline concept with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

5/21/26
Date

BRENNA LARKIN
Attorney for the defendant

GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

TIMOTHY COURCHAINE
United States Attorney
District of Arizona

5/21/26
Date

JULIE A. SOTTOSANTI
Assistant U.S. Attorney

13